

# United States Tax Court
Washington, DC 20217

STEPHEN J. MAJOR,

      Petitioner

      v.

COMMISSIONER OF INTERNAL REVENUE,

      Respondent

Docket No. 6224-21.

## ORDER

Pursuant to Rule 152(b), Tax Court Rules of Practice and Procedure, it is

ORDERED that the Clerk of the Court shall transmit herewith to petitioner and to respondent a copy of the pages of the transcript of the trial in the above case before Judge James S. Halpern at Phoenix, Arizona, on April 11, 2022, containing his oral findings of fact and opinion rendered at the trial session at which this case was heard.

In accordance with the oral findings of fact and opinion, a decision will be entered for respondent except with respect to I.R.C. section 6662(a) accuracy-related penalty for taxable year 2017.

                        **(Signed) James S. Halpern**
                                **Judge**

**Served 05/26/22**

Bench Opinion by Judge James S. Halpern

April 11, 2022

Stephen J. Major v. Commissioner

Docket No. 6224-21

THE COURT: The Court has decided to render the following as its oral findings of fact and opinion in this case. This bench opinion is made pursuant to the authority granted by section 7459(b) of the Internal Revenue Code and Tax Court Rule 152; and it shall not be relied upon as precedent in any other case. Section references are to the Internal Revenue Code, as amended and in effect at all relevant times.

Respondent determined a deficiency in petitioner's 2017 Federal income tax of $5,650 and an accuracy-related penalty of $1,130. Respondent has conceded the accuracy-related penalty. For the reasons stated, we will sustain the deficiency. Petitioner resided in Arizona when he filed the petition.

The deficiency arises because of respondent's adjustments to petitioner's reported taxable income disallowing petitioner's claim of unreimbursed employee business expenses of $26,649 for vehicle mileage and $2,171 for other business expenses, and his claim of $295 for tax preparation fees.

On numerous occasions during the examination of

JSH

JSH



petitioner's 2017 income tax return and during respondent's preparation of his case for trial petitioner was asked to provide a contemporaneous mileage log as well as his employer's reimbursement policy  And while today petitioner provided respondent and the Court with a photocopy of his log, he has not provided either respondent or the Court with a copy of his employer's reimbursement policy.  Petitioner previously told respondent, and told the Court today, that he is precluded by court order from contacting his former employer in order to request a copy of the employer's reimbursement policy.  Apparently, the order was issued in connection with litigation between petitioner and his former employer in connection with some injury suffered by petitioner. Petitioner undoubtedly understands the importance of the order.  He has not produced it, and we do not accept his description of it as excusing his failure to present evidence that his prior employer's reimbursement policy did not provide for reimbursement of travel expenses petitioner claimed.

Section 162 allows a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  A taxpayer is entitled to deduct unreimbursed employee business expenses only to the extent that the taxpayer demonstrates the

taxpayer could not have been reimbursed for the expenses by his employer. *Benson v. Commissioner*, T.C. Memo. 2007-113; *Putnam v. Commissioner*, T.C. Memo. 1998-285. The taxpayer bears the burden of producing a copy of his employer's reimbursement policy or otherwise establishing that the expenses were not reimbursed by his employer. *See Oatman v. Commissioner*, T.C. Memo. 2017-17, at *8; *Rehman v. Commissioner*, T.C. Memo. 2013-71, at *18. Petitioner has failed to carry that burden. We therefore disallow his deduction of $26,649 for unreimbursed automobile expenses.

JSH

We need not consider any other disallowance, because disallowing the automobile expenses puts the petitioner in a position that the standard deduction allowed by respondent exceeds his remaining itemized deduction.

Taking into account respondent's concession of the penalty, we will enter decision for respondent.

That concludes the Court's oral Findings of Fact and Opinion in this case.

(Whereupon, at 1:21 p.m., the above-entitled matter was concluded.)

CERTIFICATE OF TRANSCRIBER AND PROOFREADER

CASE NAME:   Stephen J. Major v. Commissioner

DOCKET NO.:  6224-21

We, the undersigned, do hereby certify that the foregoing pages, numbers 1 through 6 inclusive, are the true, accurate and complete transcript prepared from the verbal recording made by electronic recording by Roger Meyers on April 11, 2022 before the United States Tax Court at its session in Phoenix, AZ, in accordance with the applicable provisions of the current verbatim reporting contract of the Court and have verified the accuracy of the transcript by comparing the typewritten transcript against the verbal recording.

_____

Meribeth Ashley, CET-507                    4/26/22

Transcriber                                 Date

_____

Lori Rahtes, CDLT-108                       4/26/22

Proofreader                                 Date